

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

******************************************

| | | |
|---|---|---|
| LINCOLN BROWN, | * | CIV. 10-4012 |
| | * | CR. 07-40086-02 |
| Movant, | * | |
| | * | |
| -vs- | * | MEMORANDUM OPINION |
| | * | AND ORDER |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

******************************************

Lincoln Brown has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Court has conducted the preliminary review required by Rule 4(b) of the Rules Governing Section 2255 Proceedings, and the Court has determined for the following reasons that Brown is not entitled to relief under 28 U.S.C. § 2255.

In August of 2008 Brown was charged in a Superseding Indictment with conspiring to distribute and possess 50 grams or more of a mixture and substance containing crack cocaine. In December of 2008 he pleaded guilty to the offense. The plea agreement provided that in return for the plea by Brown the Government would agree that he receive a two-level decrease in his offense level for acceptance of responsibility and would further agree to an additional one-level reduction pursuant to US.S.G. § 3E1.1(b). The Government further agreed not to file an information pursuant to 21 U.S.C. § 851 alleging that the Defendant has a prior felony drug conviction.

In his factual basis statement Brown stated that he joined the charged conspiracy after it was formed, that he participated in the conspiracy by helping other members of the conspiracy obtain crack for redistribution and that he also personally obtained crack and distributed it in the Sioux Falls area. Brown also stated that it was reasonably foreseeable to him that the illegal agreement involved 50 grams or more of a mixture and substance containing crack cocaine.

In the Supplement to the Plea Agreement Brown agreed to fully cooperate with the Government and the Government agreed to evaluate the extent and nature of Brown's cooperation

and if it was determined that Brown cooperated, the Government would file a Rule 35 motion. At Brown's sentencing the Government moved for and the Court granted the Government's motion for Brown to receive the third point for reduction of his sentence for acceptance of responsibility.

Brown now alleges in his Motion to Vacate, Set Aside, or Correct Sentence that: 1. He never agreed to conspire with anyone; 2. The "testimony of a perjury convict" was used to indict him; and 3.Others in the conspiracy admitted their guilt but did not incriminate Brown. Brown has failed to assert a basis for relief under 28 U.S.C. § 2255.[1] Brown asserted a sufficient factual basis to support his conviction before judgment was imposed and his current view of a grand jury witness and his belief that others did not incriminate him do not compromise the sufficiency of the factual basis or otherwise undermine the validity of his conviction. Accordingly,

> **IT IS ORDERED** that Brown's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is denied.
>
> Dated this 11th day of April, 2010.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Summa Wah
(SEAL)   DEPUTY

---

[1] 28 U.S.C. § 2255(a) provides:
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.